UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL RAMOS,

    Plaintiff,

v.                                            Case No. 10-C-847

ROGER WALKER,
GREGORY KOESTERING, and
PAMELA HOLMES,

    Defendants.

**ORDER**

Plaintiff Ramos, who is proceeding *pro se*, filed a motion to reinstate a claim against the Milwaukee Police Department that I dismissed on the ground that a police department is not a suable "person" under 42 U.S.C. § 1983. Ramos argues that under a *Monell* theory (for example, an allegation asserting a municipal policy of failure to investigate, discipline or train officers), a municipality may be deemed liable if the "city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 392 (1989). He argues that the district in which he was allegedly assaulted by the defendants was notorious for its rogue police officers and that the Department should therefore be liable for failing to train and discipline them.

A *Monell* theory is not properly brought against a police department, however, as it remains true that a department is not a "person" subject to suit under § 1983. However, it is possible to construe such a claim as being brought against the city itself. *See, e.g., King v. City of Galesburg,*

*Illinois,* 48 Fed. Appx. 583, 585, 2002 WL 31183460, 1 (7th Cir. 2002). *Monell* claims typically have difficulty finding success, *see Williams v. Heavener,* 217 F.3d 529, 532 (7th Cir. 2000), but I cannot say at the pleading stage that Plaintiff's attempt to establish a municipal policy or practice is hopeless. Accordingly, the claim against the Milwaukee Police Department (i.e., the City of Milwaukee) will be **reinstated**. The motion to reinstate is therefore **GRANTED**.

Plaintiff has also brought a motion to change venue to the Milwaukee Division of this District. That motion will be **DENIED**. Prisoner § 1983 cases are assigned randomly within this District. Should the case proceed to trial, it is possible that the trial would be conducted in Milwaukee. There should thus be no inconvenience to either side resulting from the physical location of this Court.

**SO ORDERED** this   18th   day of April, 2011.

　　　　　　　　　　　　　　　　　　　　　　　 s/ William C. Griesbach
　　　　　　　　　　　　　　　　　　　　　　　William C. Griesbach
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge