UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL RAMOS,

    Plaintiff,

v.                                                              Case No. 10-C-847

ROGER WALKER, et al.,

    Defendants.

**DECISION AND ORDER**

This suit, brought *pro se,* by Michael A. Ramos ("Ramos"), under 42 U.S.C. § 1983, alleges unreasonable force during Ramos' arrest and subsequent detention by Milwaukee police officers, Gregory A. Koestering ("Officer Koestering") and Roger T. Walker ("Officer Walker") on February 13, 2005. In addition, Ramos claims Sergeant Holmes is liable for failing to intervene after witnessing the unreasonable force and the City of Milwaukee ("City") is liable for failing to train and discipline its officers, because the district in which Ramos was allegedly assaulted by the defendants was notorious for its rogue police officers.

The Defendants now move for partial summary judgment for Sergeant Holmes and dismissal of the City as a party. For the reasons set forth within, I will deny the motion for partial summary judgment and deny the motion for dismissal of the City as a party.

**I. Background**

Viewing the facts in a light most favorable to the nonmoving party, the Plaintiff, the material facts[1] are:

On February 13, 2005 at about 9:50 p.m. Sergeant Holmes heard Officer Koestering broadcast that he was in a foot chase with Ramos somewhere between 27th and 33rd Streets and Wisconsin and Michigan Avenues. Sergeant Holmes drove to a nearby parking lot to assist in creating a perimeter to capture Ramos.

About ten minutes later Ramos was taken into custody by Officer Walker approximately 20 feet away from Sergeant Holmes' squad car. At all times Sergeant Holmes was linked to the other officers via radio. (Dkt. # 66 at ¶ 27.) While being taken into custody Ramos was twice kicked by Officer Walker. (*Id.* at ¶ 10.) Ramos was able to see Sergeant Holmes looking at him during the arrest. Police Officer James Hernandez arrived on scene with a police conveyance vehicle that he parked across from the entrance of the aforementioned parking lot.

Officer Walker escorted Ramos to the back of the conveyance vehicle where Officer Hernandez opened the back doors. Officer Koestering approached Ramos and pushed him into the vehicle. At that moment a woman was heard yelling "Why are y'all beating him like that?" and then Officer Koestering joined Ramos inside the conveyance vehicle. (*Id.* at ¶ 20.) Sergeant Holmes observed that the doors to the vehicle shut and the vehicle began to rock back and forth. Sergeant Holmes yelled to Officer Hernandez to "get Koestering out." (*Id.* at ¶ 26.)

---

[1] These Facts are entirely taken from the (Def. Proposed Findings of Fact (FOF), ECF 44.) pursuant to Civil L.R. 7.1. However, where the Plaintiff has responded with delineating facts (Pl. Prop. FOF, ECF 66.), the Court assumes without deciding the Plaintiff's facts are true, because it is more favorable to the Plaintiff. *Marion v. City of Corydon, Ind.*, 559 F.3d 700, 704 (7th Cir. 2009). The Court only considers the summary judgment record presently at hand.

After Officer Hernandez opened the doors to the conveyance vehicle, Sergeant Holmes saw Ramos was seated on the bench seat and Officer Koestering had his hands on Ramos' shoulders. Officer Koestering was shouting words to the effect of "I'll fucking kill ya." (*Id*. at ¶ 32.) Officer Koestering exited the vehicle, and Sergeant Holmes ordered Officer Hernandez to drive Ramos directly to the Third District Station. Sergeant Holmes proceeded to follow the conveyance vehicle and immediately reported Officer Koestering's behavior to her supervisor.

**II. Analysis**

**A. Motion for Partial Summary Judgment for Sergeant Holmes**

Under the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986).

When the Court reviews the record, it does so in favor of the nonmoving party and affords the nonmoving party with all reasonable inferences. *Marion v. City of Corydon, Ind.*, 559 F.3d 700, 704 (7th Cir. 2009). Additionally, in a § 1983 claim the Plaintiff has the burden of proof as to the constitutional deprivation and "must present sufficient evidence to create genuine issues of material fact to avoid summary judgment." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011); *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010).

3

In their motion for partial summary judgment, Defendants present two alternative arguments and request the Court dismiss Ramos' § 1983 claim against Sergeant Holmes. Defendants argue: 1) Ramos has failed to present a valid § 1983 claim against Sergeant Holmes or in the alternative 2) Sergeant Holmes is entitled to qualified immunity.

Qualified immunity cannot be reached unless a Plaintiff has a valid claim, therefore the Court decides whether there is a valid constitutional deprivation to satisfy § 1983 first.

**1. Ramos has failed to present a valid § 1983 claim against Sergeant Holmes**

For § 1983 claims, the Plaintiff has the burden to prove an alleged constitutional deprivation. *Sow*, 636 F.3d at 300. Ramos must prove two essential elements: that the conduct complained of 1) "was committed by a person acting under color of state law" and 2) "deprived [Ramos] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535(1981), *overruled* in part on other grounds by *Daniels v. Williams*, 474 U.S. 327, 331-32, (1986); *see also Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Ramos asserts Sergeant Holmes is liable under § 1983 because she failed to intervene and prevent constitutional deprivations by other officers.[2] Ramos' argument for liability rests on two premises: 1) Sergeant Holmes saw Officer Walker kick Ramos during the arrest, but failed to take action and 2) Sergeant Holmes saw Ramos being pushed into the police conveyance vehicle, which should have caused Sergeant Holmes to know a constitutional deprivation would occur.

---

[2] To the extent Plaintiff may be alleging that Sergeant Holmes is liable not for her own conduct but under a *respondeat superior* theory, such claims must be dismissed. The doctrine of respondeat superior does not apply to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

4

To prevail on his arguments Ramos must establish that Sergeant Holmes was personally responsible for the deprivation of a constitutional right. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Sergeant Holmes satisfies the personal responsibility requirement of § 1983 if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent. *Id*. In addition to knowledge, Sergeant Holmes must have had "a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (citing *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994)); *see also Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997). A "realistic opportunity to intervene" exists if Sergeant Holmes could have "called for a backup, called for help, or at least cautioned [the excessive force defendant] to stop." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005).

There is no dispute as to the "color of law" element, as all parties agree Sergeant Holmes was working in an official capacity for the City of Milwaukee Police Department. Sergeant Holmes observed Ramos' arrest from her squad car 20 feet away, at which time Ramos was kicked twice by Officer Walker before being handed over to Officer Hernandez. At all times the officers were linked by radio. (Dkt. # 66 at ¶ 27.) However, arrests are quick events and "police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving." *Sow*, 636 F.3d at 293 (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989) (discussing the "reasonableness" inquiry for an excessive force case)). The present case's facts require a determination of Sergeant Holmes' credibility about whether she reasonably could have intervened when Officer Walker kicked Ramos. Determining if a realistic opportunity existed is generally an "issue for the trier of fact unless, considering all the evidence, a reasonable jury could not possibly

5

conclude otherwise." *Lanigan*, 110 F.3d at 478. Depending upon how a jury evaluates Sergeant Holmes being 20 feet away in a squad car and within radio contact with Officer Walker, a jury could find Sergeant Holmes had the ability and should have intervened. Therefore, summary judgment cannot be granted, a genuine issue of material fact exists about whether a realistic opportunity to intervene existed.

Ramos' second assertion is that Sergeant Holmes should have intervened, because Officer Koestering pushed Ramos. Presumably, Ramos believes the push was unreasonable and should have demonstrated to Sergeant Holmes' that subsequent constitutional violations were to occur. But " 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Sow*, 636 F3d at 30. Whether the "push" was reasonable and part of a normal arrest or unreasonable and should have demonstrated more heinous intent is a genuine issue of material fact. Therefore, summary judgment is improper.

**2. Sergeant Holmes is not entitled to qualified immunity**

Defendants assert, in the alternative, Sergeant Holmes is entitled to qualified immunity. Qualified immunity protects government officials from civil damages, when an official's conduct does not violate "clearly established statutory or constitutional rights that a reasonable person would be aware of." *McAllister v. Price*, 615 F.3d 877, 881 (7th Cir. 2010). When qualified immunity is invoked, Ramos must satisfy two "prongs": (1) Ramos' allegations describe a "deprivation of a constitutional right," and (2) the right was "clearly established at the time of Sergeant Holmes' alleged misconduct." *See e.g., Saucier v. Katz*, 533 U.S. 194, 201 (2001); *McAllister*, 615 F.3d at 881.

With regard to the first prong the Court has already analyzed and found there is a genuine issue of material fact as to whether Sergeant Holmes could and should have intervened. As for the second prong certainly police officers cannot "... assault innocent citizens without any provocation whatsoever." *Clash v. Beatty*, 77 F.3d 1045, 1048 (7th Cir. 1996). Police officers know they must intervene when another officer is using excessive force within their presence. *Yang*, 37 F.3d at 285. Because there are genuine issues of material fact about whether Sergeant Holmes should or could have intervened it would be premature to decide whether qualified immunity should be granted, until the issues of material fact are decided.

**B. Motion to Dismiss the City of Milwaukee as a Party**

In the City's motion to be dismissed as a party it asserts: (1) it was not served within 120 days as required under Rule 4(m), Fed. R. Civ. P., and (2) any amendment to the complaint and service at this time would be barred by the statute of limitations. *See e.g.*, Wis. Stat. § 893.93(1); *Gray v. Lacke*, 885 F.2d 399 (7th Cir. 1989).

The first part of Rule 4(m), Fed. R. Civ. P., allows a defendant to move for dismissal of a complaint "[i]f a defendant is not served within 120 days after the complaint is filed[.]" However, Rule 4(m) also states: "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Ramos served summons and complaint on the City of Milwaukee Police Department, not the City, within the 120 day period mandated by Rule 4 (m). But, the Milwaukee Police Department is not a suable entity under § 1983. Ramos is mistaken to believe reinstating a claim relieves him of serving summons and complaint. (Dkt. # 59.) District courts, while not advocates for *pro se* litigants, should "take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order

7

their dismissal on technical grounds." *Donald v. Cook Cnty. Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *see also Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008). Ramos' incorrect assumptions about serving the City creates good cause to extend the service time upon the City.

The assertion that the statute of limitations bars Ramos complaint is governed by Rule 15(c) of the Rules of Federal Procedure. Rule 15(c) allows amended complaints to "relate back" to the date of the original filing date when three requirements are met. First, a claim must arise "out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B), (C). Second, "within the period provided by Rule 4(m) for serving the summons and complaint" the new Defendant must have "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P.15(c)(1)(C)(i). Third, within the Rule 4(m) period, the new defendant must have "[known] or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); *see also Krupski v.Costa Crociere S. p. A.*, 130 S.Ct. 2485, 2491-92 (2010); *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000).

The Court is satisfied the requirements of Rule 15(c) are met. Ramos claim against the City arises from the same claim against the City of Milwaukee Police Department. The City will not be prejudiced in defending this claim, because the City Attorney's office has been defending all the defendants in this case, including the City of Milwaukee Police Department, through which the City had notice of this claim. Finally, the City should have known of the action, because this Court's order substituted the City for the City of Milwaukee Police Department on February 17, 2011. At the very least the City had constructive notice by either this Court's order or when the City of

8

Milwaukee Police Department was served with a summons and complaint. Accordingly, an amended complaint will relate back under Rule 15(c) and is not barred by the statute of limitations.

## III. Conclusion

I conclude there are genuine issues of material fact about whether Sergeant Holmes had knowledge or gave consent and if she had a realistic opportunity to intervene and prevent Ramos' alleged constitutional deprivations. Moreover, it would be premature to grant summary judgment on qualified immunity while these issues remain. Accordingly, the Defendant's motion for partial summary judgment for Sergeant Pamela Holmes is **DENIED.** This Court also extends the time for service of an amended complaint and once served it will relate back to the original filing date, on February, 17, 2011, not barred by the statute of limitations. Therefore, the City of Milwaukee's motion to be dismissed as a party is also **DENIED**. Counsel for the City shall advise this Court within 10 days whether she will accept service on behalf of the City. Otherwise the Marshal will be directed to serve the City Clerk or Mayor.

Dated this __30th__ day of August, 2011.

s/ William C. Griesbach
William C. Griesbach
United States District Judge